Chicago & Alton Railroad Company v. Matthews.

48  361
153s 268

1. *Negligence—Railroad Company—Inconsistent Rules.*—A railroad company had two rules, one requiring the brakemen to be on top of the train when approaching a station, so as to keep the train under control, and one forbidding the brakemen from being on top of unusually high

cars when approaching bridges and viaducts. *It was held* that an instruction advising the jury that these rules were not in conflict and that they must be construed together, was properly given.

2. *Master and Servant—Conflicting Rules—Negligence.*—The rules of a railroad company required the brakemen to be on top of the train when approaching a station, and also forbid their being on top of very high cars when approaching bridges and viaducts. In the case at bar, it happened that the train contained a high car and the viaduct was near the station, and while the brakeman was, under one rule, required to be on top of the train, it was his duty, under the other, to avoid the high cars as he neared the viaduct. There were no lights and the night was dark. The court said there was a narrow line between his duty to his employer and a proper regard for his own safety, *and held*, that if the company so arranged matters by allowing a viaduct at a point where a brakeman was required to be on top of the train, and by admitting into the train a car too high to pass safely under the viaduct, with a brakeman standing upon it, and by providing no light or other warning, that it became necessary for the brakeman to incur some risk in performing his duty, and if he, in this seeming conflict between his duty and his safety, used reasonable care and judgment, exercising such caution as a reasonably prudent man would, ordinarily, under like circumstances, then the company ought to compensate him for the injury he received.

**Memorandum.**—Action for personal injuries. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the case.

## APPELLANT'S BRIEF.

" If a person, knowing the hazards of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain therein." Stafford v. C., B. & Q. R. Co., 114 Ill. 244; Wells v. B., C. & R. Co., 56 Ia. 520; 2 Am. & Eng. Ry. Cases, 243; Clark v. Richmond, etc., R., 18 Am. & Eng. Ry. Cases, 78; C. & A. R. Co. v. Munroe, 85 Ill. 25; Gilsen v. Erie R. Co., 63 N. Y. 449; Rains v. St. L., I. & M. R., 71 Mo. 164; Devitt v. P. R. Co., 50 Mo. 302; I. C. R. Co. v. Neer, 26 Ill. App. 356.

If he places himself in a position of hazard unnecessarily,

C. & A. R. R. Co. v. Matthews.

and in disobedience of the rules of the employer, the legal consequence is, he can not recover.  Simmons v. Chicago & Tomah R. Co., 110 Ill. 340 ; Abend v. T. H. & I. R. Co., 111 Ill. 202; Kroy v. R. Co., 32 Iowa, 457 ; Wood on Master & Servant, Sec. 403, 187–9 ; Thomas v. R. Co., 51 Miss. 637 ; 2 Rorer on Railroads, 838 ;  L. S. & M. S. R. Co. v. Roy, 5 Brad. 82 ;  C., B. & Q. R. Co. v. Smith, 18 Brad. 119 ;  U. S. Rolling Mill v. Wilder, 116 Ill. 100 ; Gilsen v. Erie R. Co., 63 N. Y. 449 ; Wood on Master & Servant, Sec. 383, *et seq;* same, p. 738.

" The whole duty is not on the railroad company.  The employe must give heed to the notice and instructions given him, and must employ his senses, his reasoning faculties and his attention, alike for his own safety and the welfare of the road.  If he has not been sufficiently warned or notified to enable him, by proper attention and diligence, to learn where the points of danger are, then this would be negligence for which the railroad company would be liable.  On the other hand, if he has been sufficiently warned or notified, and from inattention, indifference, absent-mindedness, or forgetfulness, he fails to inform himself, or fails to take the necessary steps to avoid the injury, this is negligence, and he should not recover."  Louisville & Nashville R. R. Co. v. Hall, 6 Southern Law Rep. 277 and cases there cited ; Wells v. B., C. & R. Co., 56 Iowa, 520.

The rule invoked is also clearly expressed in the following cases:  E. St. L. Packing Co. v. McElroy, 29 Ill. App. 504; Day v. T. E. S. & D. R. Co., 42 Mich. 523 ; A. T. & S. R. Co. v. Plunkett, 25 Kans. 188 ; Clark v. St. P. & Sioux City R. R. Co., 28 Minn. 128 ; Goltz v. Winona & St. Peter R. Co., 22 Minn. 55 ; Raines v. St. L., I. M. & S. R. Co., 71 Mo. 164.

WILLIAM BROWN, attorney for appellant.

WILLIAMS & CAPEN, of counsel.

### APPELLEE'S BRIEF.

To receive and run an unusually high foreign freight car, in the night time, under a bridge of dangerous proximity

to the top of such car while passing under the bridge, without suspending whipping straps, lights, or other well recognized danger signals, to warn the brakemen of the approach to and nearness of the bridge, is actionable negligence, especially where the bridge is located at a point where brakemen, in performing their duty, must of necessity be on top of the train regulating its speed while passing through a populous city, and the bridge is so obscured by smoke and dust that the brakemen are unable to see or know the exact location of the bridge by the use of their senses unaided by such danger signals. Chicago & N. W. R. R. Co. v. Swett, 45 Ill. 197; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. & I. R. R. Co. v. Russell, 91 Ill. 298; C. & A. R. R. Co. v. Johnson, 116 Ill. 206; Hough v. Railway Co., 100 U. S. 213; Baltimore, etc., R. R. Co. v. Rowan, 104 Ind. 88; Louisville, etc., Ry. Co. v. Wright, 115 Ind. 378; St. Louis, etc., R. R. Co. v. Irwin, 37 Kans. 701; Shearman & Redfield on Negligence, 4th Ed., Secs. 198, 200.

A servant is not precluded, as a matter of law, from recovering against his master for an injury suffered through exposure to danger from a defect of which he had only a general notice, if under all the circumstances, a servant of ordinary prudence, acting with such prudence, would have continued the same work under the same risk. All the circumstances must be taken into account, and not merely the isolated fact of risk. It is a question of fact for the jury to determine whether or not, under the given circumstances, the servant acted with due or ordinary care for his safety; and it should be determined by them with reference to the exigencies of the given occasion, in the light of all the surrounding and attendant facts and circumstances. Kane v. Northern Central Railway, 128 U. S. 91; Snow v. R. R. Co., 8 Allen, 441; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. St., 389; Plank v. R. R. Co., 60 N. Y. 607; Hawley v. N. C. Ry. Co., 82 N. Y. 370; Chicago & N. W. Ry. Co. v. Bayfield, 37 Mich. 205; Devlin v. Ry. Co., 87 Mo. 545; Gaynor v. Ry. Co., 100 Mass. 208; Fernandes v. City Ry. Co., 52 Cal. 45; Railroad Co. v. Stout, 17 Wallace, 657; L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 647.

In determining the question of contributory negligence of an employe whose duty lies in the line of danger, all the circumstances must be considered, particularly those exigencies which render the prompt performance of his duty necessary. The care required of an employe is only that which laborers of ordinary prudence would exercise under like circumstances. Lee v. Woolsey, 109 Pa. St. 126; L. S. & M. S. Ry. Co. v. O'Conner, 115 Ill. 254.

Reasonable care on the part of a servant in the performance of his work, presupposes the performance by the master of his duty to do all that reasonably lies within his power to protect the servant while so engaged. The servant does not assume any risk which he might reasonably expect would be properly guarded against by the master under the circumstances. Pantzar v. Mining Co., 99 N. Y. 368; Roesner v. Hermann, 8 Fed. Rep. 782; Hayes v. Manuf. Co., 48 Hun (N. Y.), 407; Penn Co. v. Backes, 133 Ill. 255; Marwedel v. Cook (Mass.) 28 N. E. Rep. 140; St. Ry. Co. v. Williams (Ill.), 29 N. E. Rep. 672; Babcock v. R. R. Co., 150 Mass. 467.

The yardmaster and switchmen at Brighton Park were not fellow-servants of the appellee. Rolling Mill Co. v. Johnson, 114 Ill. 57; Ry. Co. v. Snyder, 117 Ill. 376; R. R. Co. v. Hoyt, 122 Ill. 369.

The fact that an injury to a servant was caused by the negligence of another servant of the same master, does not excuse the master from liability therefor, where it appears that the injury would not have happened had the master performed his duty. Flike v. B. & A. R. R. Co., 53 N. Y. 549 ; Ellis v. Railroad Co., 95 N. Y. 546 ; Boyce v. Fitzpatrick, 80 Ind. 526 ; Elmer v. Locke, 135 Mass. 575 ; Paulmier v. R. R. Co., 34 N. J. Law, 151 ; Johnson v. Telephone Co. (Minn.), 51 N. W. Rep. 225 ; Grand Trunk Ry. Co. v. Cumimings, 106 U. S. 700 ; Young v. Ry. Co., 46 Fed. Rep. 160 ; Griffin v. R. R. Co., 148 Mass. 145 ; Coppins v. R. R. Co., 122 N. Y. 562.

BENJAMIN & MORRISSEY, counsel for appellee.

J. S. EWING, of counsel.

OPINION OF THE COURT.

This case was heard at a former term, 39 Ill. App. 541. It is unnecessary to restate the facts as they are substantially the same as before.

The plaintiff recovered, and the most important question is whether the evidence supports the verdict.

The rules of the company require the brakeman to be on top of the train when approaching a station so as to keep the train under control, and they also forbid brakemen from being on the top of unusually high cars when approaching bridges or viaducts.

The court, at the instance of the defendant (instruction 14), advised the jury that these rules were not in conflict and the jury were thus given to understand that they must be construed together.    It happened that the viaduct was near the station in this instance and while the plaintiff was, under one rule, required to be on top of the train to set the brakes, it was his duty to avoid the high car as he neared the viaduct.

There were no whipping straps or lights to advise him of the exact location of the viaduct and the night was very dark, but he knew he was not far from it, and in doing what he regarded as necessary in setting the brakes he was not unmindful of the viaduct, but was mistaken either as to its exact location or as to the speed of the train, and thus received the injury.

There was a narrow line between his duty to his employer and a proper regard for his own safety.

He felt bound to use all practicable effort to set the brakes and at the same time he was compelled to use reasonable care for his own protection.    If the master so arranged matters, by allowing a viaduct at a point where the brakeman was required to be on top of the train, and by admitting into the train a car too high to pass safely with a brakeman standing upon it, and by providing no light or other warning, that it became necessary for the brakeman to incur some risk in performing his duty, and if the brakeman in this seeming conflict between his duty and his

safety used reasonable care and judgment, exercising such caution as a reasonably prudent man would, ordinarily, under like circumstances, then the master ought to compensate him for the injury. As we understand the case this is all there is of it and the issue was for the jury under proper instructions.

Without discussing the evidence in detail we are disposed to say that there is no such want of proof either in respect to plaintiff's care or the defendant's negligence as to require us to set aside the judgment.

Was there any substantial error in giving or refusing instructions?

For the plaintiff the court gave nine instructions, covering four pages of the printed abstract; for the defendant fifteen, covering six pages. The court also modified and gave as modified four other instructions for defendant and refused to give eight others. It would be singular if in all these there appears no ground for criticism, and doubtless there is some want of accuracy amounting to technical error.

But after carefully considering the whole we are of opinion that the rights of appellant were not prejudiced in any appreciable degree by the action of the court in this regard.

We shall not follow *seriatim* the objections suggested in the brief, and will notice only such as seem to us the more important.

1st. It is urged that the court left it to the jury to construe the rules offered in evidence. To this it may be answered that while it was for the court to construe the rules if a construction was necessary, still the real question was whether the apparently conflicting rules were to be construed together, or rather, when, by reason of the peculiar situation they seemed to conflict, whether they were to be so construed. The court advised the jury that these rules were not in conflict and must be construed together, thus placing the matter before the jury to determine whether, in complying with all the rules as far as the situation would permit, the plaintiff used proper care for his own safety.

Of this we think the defendant could make no just complaint.

2d. It is urged that the court erred in refusing instructions to the effect that if the plaintiff knew of the proximity of the viaduct the want of signals was not important. The substance of this proposition is involved in the 2d and 3d, and perhaps by implication in other instructions which were given. These refused instructions were somewhat loose and misleading. If the plaintiff knew accurately where he was he could not complain that there were no signals; but it is apparent that he only knew he was approaching the viaduct and that he was not forgetful of it. Hence the question recurs whether, in what he did, he was unduly careless of himself in his effort to perform his duty of setting the brakes; and so it appears that from whatever standpoint the case is considered, this was the controlling question, it being, as we think, not a matter of doubt that he was not responsible for the height of the viaduct or of the foreign car, and that he was only bound to use reasonable care in view of a situation for which the master was responsible.

3d. The 2d refused instruction is in substance the same as the 2d given for defendant.

4th. All that was material in the 3d refused, is found substantially in the 14th and 15th given, and in the 4th of the modified instructions.

5th. The 4th and 5th refused, were imperfect in their attempted application of the rule of fellow-servants, and there was no error in refusing them.

6th. The 7th and 8th were properly refused because they undertook to say that the position of the foreign car in the train was immaterial. Whether this was so or not was for consideration of the jury, in connection with the other circumstances in proof.

Two objections to the rulings of the court in admitting testimony are specified in the brief, but they are not noticed in the argument, and it may be assumed they are abandoned.

Finding no substantial error prejudicial to the appellant, we are of opinion the judgment should be affirmed.